UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 22-41

SIDNEY SIMON                                 SECTION "H" (3)

**ORDER AND REASONS**

Before the Court is Sidney Simon's Motion to be Put on Stay and Appoint Counsel (R. Doc. 52). The motion (R. Doc. 52) is denied for the following reasons.

The Sixth Amendment guarantees the rights of criminal defendants, including the right to a lawyer. U.S. Const. amend. VI. There is no right to counsel, however, in postconviction proceedings. *Garza v. Idaho*, 586 U.S. 232, 245 (2019). The constitutional right to counsel extends only through the defendant's first appeal. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (citing *Coleman v. Thompson,* 501 U.S. 722, 755-57 (1991)).

Here, Simon seeks the appointment of counsel to assist with adjustments to his sentence.[1] The Fifth Circuit dismissed Simon's appeal on November 27, 2024.[2] Simon does not have a right to counsel under the Sixth Amendment. Moreover, Simon has not established his right to counsel under the Fifth Amendment's Due Process

---

[1] R. Doc. 52.
[2] R. Doc. 50.

1

Clause[3] or under U.S.C. § 3006A.[4] A stay is not warranted by the circumstances of this case.

Simon also seeks copies of documents requested in his earlier motion (R. Doc. 47). The Court's record indicates that such documents were sent to Simon. Nonetheless, to ensure receipt, a second copy will be sent.

Finally, Simon seeks various adjustments to his sentence that appear to overlap with those previously considered by the District Court. There is no basis for reconsideration the District Court's denial of the requested relief.

Accordingly,

**IT IS ORDERED** that the Motion to be Put on Stay and Appoint Counsel (R. Doc. 52) is **GRANTED IN PART** and that the Clerk of Court re-send the following documents to Simon: copies of the docket sheet, the transcript of his sentencing hearing, any orders and decisions, and any discovery included in the record.

**IT IS FURTHER ORDERED** that the motion is **DENIED** in all other respects.

---

[3] The Supreme Court has interpreted the Due Process Clause to require the appointment of counsel for indigent defendants whenever "fundamental fairness" demands it. *United States v. Robinson*, 542 F.3d 1045, 1051 (5th Cir. 2008) (citing *Gagnon v. Scarpelli,* 411 U.S. 778, 790 (1973)). Defendant's motion does not present any due process concerns.

[4] Defendants do not have a statutory right to an attorney to file a § 3582(c)(2) motion under § 3006A(c). *Whitebird*, 55 F.3d at 1011.

New Orleans, Louisiana, this 11th day of February, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

3