## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION

VERSUS                                       NO: 22-41

SIDNEY SIMON                                 SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendant Sidney Simon's Motion for Compassionate Release (Doc. 55). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This Court sentenced Defendant to a total of 120 months on November 9, 2022 after he pleaded guilty to five counts, including possession of a firearm by a convicted felon, possession of a firearm after a domestic violence battery conviction, possession of body armor, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime. Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that a change in the law would have resulted in a lower sentence and that he suffered prior abuse resulting in mental health problems. The Government opposes Defendant's Motion.

1

## LAW AND ANALYSIS

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[1] Section 3582(c), as amended by the First Step Act, states in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

As the Government points out, Defendant has failed to show that he has fully satisfied the administrative exhaustion requirements of § 3582(c)(1)(A). The Fifth Circuit has held that it is a mandatory requirement of compassionate release that a defendant first make a request to the Bureau of Prisons and fully exhaust the administrative requirements.[2] This Court therefore cannot consider Defendant's request for release until those requirements are satisfied. Accordingly, Defendant has failed to comply with 18 U.S.C. § 3582(c), and the Court must deny his request for compassionate release.

---

[1] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

[2] United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020) ("It is a paradigmatic mandatory claim-processing rule. And because the government properly raised the rule in the district court, this 'court must enforce the rule.'").

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED** as premature and may be re-urged once the requirements of 18 U.S.C. § 3582 are met.

New Orleans, Louisiana this 15th day of July, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**